Jason E. Turner, No. 160590
**J. TURNER LAW GROUP, APC**
2563 Mast Way, Ste 202
Chula Vista, CA  91914
Ph: (619) 946-7193
Email: Jturner@jturnerlawgroup.com

Attorney for Debtor/Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re BXNG HOLDINGS, LLC,<br><br>     Debtor and Debtor in Possession. | Case No.: 24-02239-CL11<br><br>DEBTOR'S **EMERGENCY** MOTION TO EXTEND DEADLINE TO ASSUME OR REJECT UNEXPIRED LEASE |

COMES NOW Bxng Holdings, LLC, the Chapter 11 Debtor and Debtor in Possession in the above-captioned case to submit this Emergency Motion to Extend its Deadline to Assume or Reject the Unexpired Nonresidential Lease that it has with landlord LMC East Village I Holdings, LLC.

This Motion is based on the following facts and circumstances:

1. Debtor caused to be filed a voluntary petition for reorganization under Chapter 11 (Subchapter V) of the Bankruptcy Code on June 20, 2024 ("Petition Date").  Since the Petition Date, Debtor has continued to operate its business, which consists of a boxing fitness club

1

business, with four boxing club sites in the San Diego, California area, as a debtor in possession pursuant to and consistent with 11 US Code Sections 1107, 1108 and 1184.

2. As reflected in its Schedule G, Debtor is the tenant of record for an unexpired lease for the nonresidential (commercial) real property at 1501 Island Avenue, San Diego, CA. This lease is pursuant to its written lease agreement dated August 23, 2017 with landlord LMC East Village I Holdings, LLC, and amendments thereto. See Declaration of Artem Sharoshkin, filed herewith. Said lease agreement and amendments shall hereinafter be collectively referred to as the "Lease." The 1501 Island Avenue lease premises shall hereinafter be referred to as the "Premises."

3. Pursuant to 11 US Code Section 365(d)(4), Debtor's deadline to assume or reject the Lease is 120 days after the order for relief in this case, which was issued by the Court on June 20, 2024. This means that Debtor's deadline is October 18, 2024.

4. Debtor has been attempting to negotiate a modification of the Lease to address the prepetition rent arrearages (admittedly, over $100,000) and the post-petition rent arrearages. Debtor has not been able to pay post-petition rent, but is on the cusp of increased revenues in the fall and the winter of 2024-2025 that should help it address the post-petition rent. See Sharoshkin Declaration. It is for this reason that Debtor is not prepared to assume the Lease at this time.

5. The landlord has repeatedly told Debtor's manager Artem Sharoshkin and its real estate broker, Brian Jinnings, that the landlord does not want to lose Debtor as a tenant at the Premises and wants to work with the Debtor. Sharoshkin Declaration; also, Declaration of Brian Jinnings, filed herewith. However, Debtor and its real estate broker have been stymied in making progress on a modification of the Lease because the landlord's management have not given much focus to negotiations. Ibid. The Lease is vital to the Debtor's reognization because the club site that the Debtor maintains there serves a growing clientele in downtown San Diego and will also serve

existing clients who heretofore used Debtor's club site in Kearny Mesa, which is being closed with Debtor's rejection of the lease for that site. (See Court Doc. No. 74).

6.  On October 4, 2024 Debtor's attorney proposed to the landlord's real estate attorney, Cynthia Stelzer, a stipulation for the Debtor and landlord to sign by which the landlord would consent to a 90-day extension of Debtor's deadline to assume or reject the Lease.  On October 16th, the landlord's bankruptcy attorney, called and emailed Debtor's attorney to inform him that the landlord would not execute the proposed stipulation, but would not oppose Debtor's motion to extend its deadline.  See Declaration of Jason E. Turner, Paragraphs 2-3; Exhibit thereto.

7.  Because of the looming deadline for assumption or rejection of nonresidential leases, there is insufficient time to bring this Motion on a normal noticed calendar.  However, for the reasons explained herein, the landlord through its attorney has been informed of Debtor's motion and has already indicated that the landlord will not oppose this motion.

## **LEGAL ARGUMENT**

A Chapter 11 debtor has 120 days after the Court's issuance of an order for relief to assume or reject unexpired nonresidential leases.  11 US Code Section 365(d)(4).  Pursuant to Section 365(d)(4)(B), the Court may extend a debtor's deadline by 90 days on the debtor's motion for cause.  In determining "cause" for an extension, courts normally consider the following factors:

1. Whether the lease is the debtor's primary asset;
2. Whether the case is exceptionally complex or involves numerous contracts or leases;
3. Whether the nondebtor parties to the lease (the landlord) will suffer undue prejudice as a result of the extension.

3

*In re Muir Training Technologies, Inc.* (1990 BK SD CA) 120 BR 154, 158-159; *In re Wedtech Corp,* (1987 BK SD NY) 72 BR 464, 471. An additional factor is the status of the debtor's postpetition rent payments. Ibid.

  In this case, while the Lease is not Debtor's only asset, the Lease will be extremely important to the Debtor's financial success going forward, especially since it is closing the nearby Kearny Mesa club site. The club site at 1501 Island Avenue will be the only club site serving most of San Diego, including its downtown and central areas. Additionally, given that the landlord's attorney has indicated that it will not oppose the requested 90-day extension, there is no prejudice to the landlord if the Court grants this extension. Moreover, while there are not many or complex leases in this case, what has complicated Debtor's to complete the negotiations that even the landlord has indicated it wants to undertake to modify the Lease is the landlord's own inability to focus on this matter. See Sharoshkin Declaration; B Jinnings Declaration. Debtor just needs some additional time to work with the landlord.

  Finally, there is the issue of Debtor's postpetition rent obligations, which have not been paid. But, landlord has not filed any motion for relief with this Court to enforce the Lease, and its property management company has consistently said that they want to work with Debtor and do not want to lose Debtor as a tenant at the Premises. Accordingly, a 90-extension will permit Debtor to negotiate with the landlord. If, at the conclusion of the requested 90-day period, no lease modification has been negotiated to bring the Lease current, then Debtor will intend to reject the Lease. But, for the sake of its successful reorganization, Debtor needs an additional 90 days to do all it can to work with the landlord to address the rent arrearages and bring the Lease current.

## CONCLUSION

For all the foregoing reasons, Debtor requests that the Court grant its motion to extend its deadline by 90 days, or until January 17, 2025, to assume or reject the 1501 Island Avenue Lease. Debtor has attached to this Motion a proposed Order on this Motion for the Court's review and approval.

                                          Respectfully submitted,

Dated: October 16, 2024         **J. TURNER LAW GROUP, APC**

                                          **By:   /s/ Jason E. Turner**
                                          Attorney for Debtor/Debtor in Possession