SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
AARON J. MALO, Cal Bar No. 179985
amalo@sheppardmullin.com
ANASTASIA K. BILLY, Cal Bar No. 210416
abilly@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone:    714.513.5100
Facsimile:    714.513.5130

Attorneys for Creditor
CALIFORNIA COAST CREDIT UNION

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>BXNG HOLDINGS, LLC,<br><br>    Debtor and Debtor in Possession | Case No. 24-02239-CL11<br>Hon. Christopher B. Latham<br>Chapter 11<br><br>**CALIFORNIA COAST CREDIT UNION'S APPLICATION FOR ISSUANCE OF ORDER TO SHOW CAUSE RE CONTEMPT AGAINST DEBTOR AND DEBTOR-IN-POSSESSION, BXNG HOLDINGS, LLC**<br><br>[*Ex Parte* Motion for Order Shortening Time, Declaration of Gary Oster, and proposed Order Shortening Time submitted concurrently]<br><br><u>Hearing Information:</u><br>Date:  To be set<br>Time:  To be set<br>Location:  Courtroom 1, Room 218 |

-1-

SMRH:4904-3922-1254.2                                                                              APPLICATION FOR OSC RE CONTEMPT

California Coast Credit Union ("CCCU") hereby moves the Court for an Order to Show Cause as to why debtor and debtor-in-possession Bxng Holdings, LLC (the "Debtor") should not be held in contempt of this Court's *Order On Stipulation Re: Administrative Claim of California Coast Credit Union* [Dkt. 105] (the "Administrative Rent Order") and sanctions imposed. The Debtor began violating the Administrative Rent Order almost immediately after that order was entered by the Court, and has continued to repeatedly violate it ever since.

## I.   BACKGROUND FACTS.

As detailed in the *Stipulation Regarding Administrative Claim Of California Coast Credit Union And Further Relief Related To Non-Residential Real Property Lease* [Dkt. 104] (the "Stipulation"), CCCU is the lessor and the Debtor is the lessee under a certain lease (the "Lease") of the non-residential real property located at 8623 Spectrum Center Boulevard, San Diego, California 92123 (the "Premises"). [Stipulation, Recital A.] At the time the Stipulation was executed, the Debtor had failed to pay any of its rental obligations to CCCU under the Lease since before it filed its bankruptcy petition on June 20, 2024. [*Id.*, Recital B.] Additionally, although it filed a formal *Notice of Rejection of Unexpired Commercial Lease*, confirming that it intended for the Lease to be deemed rejected pursuant to Bankruptcy Code section 365(d)(4) as of October 18, 2024 [Dkt. 74], the Debtor nonetheless continued to occupy and use the Premises thereafter. [*Id.*, Recitals C, E.]

After exhausting every possible effort to resolve this situation consensually with the Debtor, on October 21, 2024, CCCU filed a *Motion for Allowance and Payment of Administrative Claim Based on Non-Residential Real Property Lease, and for Surrender of Premises* (the "Motion"). [Dkt. 80.] Pursuant to the Motion, CCCU sought an order compelling immediate turnover of the Premises, as well as the allowance and immediate payment in full of an administrative claim in its favor based on all post-petition rental amounts due plus its attorneys' fees and costs. [Stipulation, Recital D.] The Debtor opposed the motion, filing an initial opposition brief on November 7, 2024 [Dkt. 97] and supplemental "Status Statement" regarding the Motion on November 12, 2024 [Dkt. 99]. The Court issued a tentative ruling on November 15, 2024, in which it explained that it was "inclined to grant Creditor's motion and

order immediate payment of the $128,365.60 administrative expense claim and reasonable attorney fees, subject to disgorgement if the case converts or the estate becomes administratively insolvent." [Dkt. 102.]

Ultimately, on November 18, 2024, shortly before the hearing on the Motion, CCCU and the Debtor reached an agreement to resolve the issues underlying the Motion, including the Debtor's continued occupancy of the Premises. [*Id*., Recital F.] That agreement was thereafter memorialized in the Stipulation, which was subsequently approved and incorporated into the Administrative Rent Order.

CCCU was hopeful that the Stipulation and Administrative Rent Order would bring its difficulties with the Debtor to an end. Unfortunately, however, the Debtor's misconduct continued. Almost immediately following entry of the Administrative Rent Order, the Debtor violated it, and has continued to do so – repeatedly – since that time. The Administrative Rent Order was entered on November 25, 2024, and the Debtor's violations began that same day. Specifically:

| Applicable Term of the Administrative Rent Order | Debtor's Non-Compliance |
|---|---|
| "The Debtor shall pay to CCCU **all amounts due pursuant to the Lease** for the month of November 2024 **via electronic funds transfer** such that those amounts are actually received by CCCU no later than November 25, 2024." [Order, ¶ 2 (emphasis added).] | On November 25, 2024, the Debtor delivered ***a check*** to CCCU for ***less than the total amount due pursuant to the Lease*** for the month of November 2024. [*See* Declaration of Gary Oster ("Oster Decl."), ¶ 2.] ***That check was subsequently returned to CCCU because the account on which it was drawn had insufficient funds.*** [*Id*.] In response to follow-up from counsel for CCCU, on December 11, 2024 – 16 days later – the Debtor sent CCCU an |

-3-

| Applicable Term of the Administrative Rent Order | Debtor's Non-Compliance |
|---|---|
| | electronic funds transfer for the same amount as the bounced check, which was again *less than the total amount due* pursuant to the Lease for the month of November 2024. [*Id.*, ¶ 3.] To date, the Debtor has not paid the remainder due pursuant to the Lease for the month of November 2024. [*Id.*] |
| "The Debtor shall surrender possession of the Premises to CCCU no later than November 30, 2024. Such surrender to be achieved by physically delivering all keys to the Premises…to the security guard at the reception desk of CCCU's headquarters building located at 9201 Spectrum Center Boulevard in San Diego, California…." [Order, ¶ 3.] | To date, the Debtor has never actually delivered any keys to the Premises to CCCU, although CCCU was allowed to take possession of the Premises. [Oster Decl., ¶ 4.] |
| "The Debtor shall pay the Allowed Admin Claim in monthly installments of $25,000 each, with such payments being made via electronic funds transfer such that those amounts are actually received by CCCU no later than the 15th day of each month, beginning on December 15, 2024…." [Order, ¶ 7.] | To date, the Debtor has not paid the $25,000 that was due by no later than December 15, 2024, or any portion thereof. [Oster Decl., ¶ 6.] |

-4-

| Applicable Term of the Administrative Rent Order | Debtor's Non-Compliance |
|---|---|
| "In addition to the payments described in paragraphs 2 and 7, above, the Debtor shall pay to CCCU an additional $25,000 in three (3) installments, as follows: (a) $10,000 to be paid by on or before December 10, 2024…." [Order, ¶ 8.] | To date, the Debtor has not paid the $10,000 that was due on December 10, 2024, or any portion thereof. [Oster Decl., ¶ 5.] |

For all of these reasons, CCCU requests the issuance of an Order to Show Cause as to why the Debtor should not be held in contempt for violating the Administrative Rent Order, and sanctions imposed.

## II. THE DEBTOR SHOULD BE HELD IN CONTEMPT FOR ITS REPEATED VIOLATIONS OF THE ADMINISTRATIVE RENT ORDER, AND SANCTIONS SHOULD BE IMPOSED.

Pursuant to Bankruptcy Rule 9020, the Court has authority to hold the Debtor in contempt. Additionally, all bankruptcy courts have inherent power to impose sanctions based upon contemptuous acts, pursuant to Bankruptcy Code section 105. *See Caldwell v. Unified Capital Corp. (In re Rainbow Magazine)*, 77 F.3d 278 (9th Cir. 1996). "The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *Renwick v. Bennett (In re Bennett)*, 298 F.3d 1059, 1069 (9th Cir. 2002) (citations omitted).

In this case, there can be no doubt that the Debtor has repeatedly violated the Administrative Rent Order. As detailed above, the Debtor has repeatedly failed to pay amounts required to be paid under the Administrative Rent Order, and has also ignored multiple non-monetary terms of the Administrative Rent Order. Making these violations even more egregious, each of the terms at issue was specifically agreed upon by the Debtor before the Administrative Rent Order was ever entered. Given these circumstances, the Debtor should be held in contempt.

In addition, sanctions should be imposed on the Debtor. Monetary sanctions are appropriate to coerce compliance with a court order or to compensate for losses caused by violation of that order. *In re Romero*, 527 B.R. 638, 644 (Bankr. N.D. Cal. 2015). Here, the Debtor has consistently failed to comply with its obligations to CCCU since the inception of this bankruptcy case. It has now continued that pattern with repeated violations of the Administrative Rent Order – despite having agreed in advance to the precise terms it elected to violate. As a result, CCCU has been forced to incur additional and significant attorneys' fees in its efforts to enforce the Administrative Rent Order. [Oster Decl., ¶ 7.] Imposing sanctions based on CCCU's attorneys' fees is entirely appropriate. *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1195 (9th Cir. 2003) ("We emphasize that attorneys' fees are an appropriate component of a civil contempt award"). Therefore, CCCU requests that sanctions be imposed on the Debtor, and that a reimbursement of CCCU's attorneys' fees be a component of that award.

For all of these reasons, the Court should issue an Order requiring that the Debtor show cause as to why it should not be held in contempt and sanctions imposed. The Debtor's repeated failures to comply with the terms of the Administrative Rent Order – all of which it specifically agreed to – are more than sufficient to support both a funding of contempt and the imposition of sanctions.

**III.    CONCLUSION.**

CCCU has consistently attempted to work with the Debtor throughout this case – including reaching an agreement on the terms of the Stipulation and the Administrative Rent Order. The Debtor, on the other hand, has consistently failed to satisfy its obligations to CCCU. That conduct has now continued with the Debtor's repeated violations of the agreed-upon Administrative Rent

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

-6-

1  Order entered by the Court.  The Court should issue an Order requiring the Debtor to show cause
2  as to why it should not be held in contempt and sanctions imposed.

4  Dated:  December 17, 2024

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     */s/ Aaron J. Malo*
           AARON J. MALO
           ANASTASIA K. BILLY
           Attorneys for Creditor
           CALIFORNIA COAST CREDIT UNION

CSD 3010 [12/01/23]

| | |
|---|---|
| Name, Address, Telephone No. & I.D. No.<br>SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>AARON J. MALO, Cal Bar No. 179985<br>ANASTASIA K. BILLY, Cal Bar No. 210416<br>650 Town Center Drive, 10th Floor<br>Costa Mesa, California 92626-1993<br>T:  714.513.5100; F:  714.513.5130<br>Attorneys for Creditor California Coast Credit Union | |

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

| | |
|---|---|
| In Re<br>BXNG HOLDINGS, LLC.<br><br>Debtor(s) | BANKRUPTCY NO. 24-02239-CL11 |
| Plaintiff(s) | ADVERSARY NO. |
| v.<br><br>Defendant(s) | |

# PROOF OF SERVICE

I, Marsha Linker, am a resident of the State of California, over the age of 18 years, and not a party to this action.

On December 17, 2024, I served the following documents:

CALIFORNIA COAST CREDIT UNION'S APPLICATION FOR ISSUANCE OF ORDER TO SHOW CAUSE RE CONTEMPT AGAINST DEBTOR AND DEBTOR-IN-POSSESSION, BXNG HOLDINGS, LLC

1. **To Be Served by the Court via Notice of Electronic Filing ("NEF")**:

Under controlling Local Bankruptcy Rules(s) ("LBR"), the documents) listed above will be served by the court via NEF and hyperlink to the document. On December 17, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address(es) indicated and/or as checked below:

- Jean Goddard    jgoddard@ngsllp.com, CJG11@trustesolutions.net
- Michael S. Greger    mgreger@allenmatkins.com
- Aaron Malo    amalo@sheppardmullin.com, abilly@sheppardmullin.com;mlinker@sheppardmullin.com
- Corina R Pandeli    corina.pandeli@usdoj.gov, ustp.region15@usdoj.gov,tiffany.l.carroll@usdoj.gov
- Timothy J. Silverman    tsilverman@scheerlawgroup.com, tsilverman1@ecf.courtdrive.com
- Jason E. Turner    jturner@jturnerlawgroup.com, assistant@jturnerlawgroup.com
- United States Trustee    ustp.region15@usdoj.gov

☐ Chapter 7 Trustee:

☒ For Chapter 7, 11, & 12 cases:
UNITED STATES TRUSTEE
ustp.region15@usdoj.gov

☐ For Chapter 13 cases:
MICHAEL KOCH, TRUSTEE
mkoch@ch13.sdcoxmail.com

SMRH:4863-3356-6180.1    -8-

CSD 3010 [12/01/23]

2. **Served by United States Mail**:

On <u>December 17, 2024</u>, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing accurate copies in a sealed envelope in the United States Mail via 1) first class, postage prepaid or 2) certified mail with receipt number, addressed as follows:

Ommar Chavez
Graham Hollis APC
3555 Fifth Ave Suite 200
San Diego, CA 92103

3. **Served by Personal Delivery, Facsimile Transmission, Overnight Delivery, or Electronic Mail**:

Under Fed.R.Civ.P.5 and controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission, by overnight delivery and/or electronic mail as follows:

I declare under penalty of perjury under the laws of the United States of America that the statements made in this proof of service are true and correct.

Executed on  <u>December 17, 2024</u>         <u>/s/ Marsha Linker</u>
             (Date)                           (Typed Name and Signature)
                                              Marsha Linker

                                              <u>650 Town Center Drive, 10th Floor</u>
                                              (Address)

                                              <u>Costa Mesa, CA   92626</u>
                                              (City, State, ZIP Code)

SMRH:4863-3356-6180.1                -9-